IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KERRY DOUGLAS ARMSTRONG | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0990-P |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Kerry Douglas Armstrong, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner, who is serving a life sentence for capital murder, was twice denied early release to parole. The first decision not to grant parole was issued on June 7, 2002. The second decision was issued on June 28, 2004. Petitioner challenged both decisions in an application for state post-conviction relief. The application was denied without written order. *Ex parte Armstrong*, No. 61,345-01 (Tex. Crim. App. Jul. 27, 2005). Petitioner then filed this action in federal court.

II.

In two related grounds for relief, petitioner contends that the retroactive application of Tex. Gov't Code Ann. §§ 508.046 and 508.031 violates the *ex post facto* clause of the United States

Constitution.[1]

By order dated June 16, 2006, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner addressed the limitations issue in a written reply filed on July 19, 2006.  The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996).  In cases challenging state parole decisions, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).[2]  *See Goodwin v. Dretke*, 150 Fed.Appx. 295, 298, 2005 WL 2404791 at *2 (5th Cir. Sept. 29, 2005).  This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending.  *Id.* § 2244(d)(2).

---

[1]  Section 508.046, which was passed by the legislature in 1997, requires two-thirds of the entire Texas parole board to vote in favor of releasing an inmate who has been convicted of a capital offense.  Section 508.031, which became effective in 2004, establishes the number of members on the board as seven.

[2]  The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period is also subject to equitable tolling in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

## B.

Petitioner was twice denied parole in separate decisions issued on June 7, 2002 and June 28, 2004. He challenged those decisions in an application for state post-conviction relief filed on October 4, 2004. The application was denied on July 27, 2005.[3] Petitioner filed this action in federal court on June 2, 2006.

The limitations period on petitioner's claims started to run on or about June 7, 2002 and June 28, 2004--the dates he was notified of the decisions to deny him parole. No action was taken to challenge the 2002 parole decision until October 4, 2004--more than two years later. Although petitioner filed a state writ 98 days after he was denied parole on June 28, 2004, he waited an additional 310 days after his writ was denied before seeking habeas relief in federal court. Thus, even allowing for this tolling period, petitioner's federal writ was filed 408 days after the AEDPA statute of limitations expired. In an attempt to excuse this delay, petitioner states that he did not receive a response to his request for "clarification of what parole laws govern [his] parole eligibility" until September 15, 2004. (*See* Pet. Reply at 2). However, petitioner did not request this information from the Texas parole board until August 9, 2004--more than two years after the 2002

---

[3] Petitioner filed a motion for reconsideration from the denial of his state writ on August 17, 2005. Despite a clear prohibition against motions for reconsideration in state habeas cases, *see* TEX. R. APP. P. 79.2(d), the Fifth Circuit has held that "[the] AEDPA's one-year statue of limitations is tolled during the period in which a Texas habeas petitioner *has filed* such a motion." *Emerson v. Johnson*, 243 F.3d 931, 934-35 (5th Cir. 2001) (emphasis in original); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 261 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 878 (2003). However, tolling lasts "only as long as the Texas courts take to resolve the motion or suggestion for reconsideration." *Emerson*, 243 F.3d at 934-35. In this case, there is no evidence that the Texas Court of Criminal Appeals filed petitioner's motion for reconsideration or took any formal action on the motion. Instead, the record reflects that the motion was merely "placed in the file." Under these circumstances, petitioner is not entitled to statutory tolling for any period of time after his state writ was denied.

parole decision.  Moreover, the parole board refused to provide any information to petitioner in response to his inquiry.  Yet that did not prevent petitioner from filing a state writ of habeas corpus in October 2004.  Had petitioner diligently pursued his post-conviction remedies, he could have at least challenged the 2004 parole decision within the AEDPA limitations period.  *See Coleman v. Johnson*, 184 F.3d 398, 404 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000) (equitable tolling of limitations requires habeas petitioner to diligently pursue relief); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001), *citing Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights.").

Petitioner also argues that he has limited legal resources and is not represented by counsel. However, neither excuse constitutes a "rare and exceptional" circumstance that merits equitable tolling.  *See, e.g. Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000) (ignorance of law and *pro se* status held insufficient to toll statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S.Ct. 504 (1999) (unfamiliarity with legal process, illiteracy, and lack of representation do not merit equitable tolling).  Without a sufficient basis for tolling the statute of limitations, this case is time-barred.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996).

      DATED:   October 6, 2006.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE